**BRIDGES et al. v. UNITED STATES.**

**BRIDGES v. UNITED STATES.**

Nos. 12597, 12607.

United States Court of Appeals Ninth Circuit.

Dec. 29, 1952.

Gladstein, Andersen & Leonard, Norman Leonard, Vincent W. Hallinan, James Martin MacInnis, San Francisco, Cal., for appellant.

Chauncey Tramutolo, U. S. Atty., Robert B. McMillan, Asst. U. S. Atty., San Francisco, Cal. (James M. McInerney, Asst. Atty. Gen., Beatrice Rosenberg, Carl H. Imlay, John R. Wilkins, Attys., Dept. of Justice, Washington, D. C., John P. Boyd, Sp. Asst. Atty. Gen., of counsel), for appellee.

Before STEPHENS, BONE, and POPE, Circuit Judges.

PER CURIAM.

Following our denial of the petition for rehearing in the above entitled cases, there was received at the clerk's office a document entitled "Application for Leave to File Supplemental Petition for Rehearing, Prayer That Supplemental Petition for Rehearing Be Heard en Banc, and That Order Denying Petition for Rehearing Be Vacated." The instrument is addressed to all of the judges of the court and was lodged with the clerk's office after the time for filing a petition for rehearing had expired and after the appellants had obtained from the United States Supreme Court an extension of time within which to petition for the writ of certiorari. Copies of our opinion, amended opinion, original petition for rehearing, and the document above mentioned, have been distributed to each active member of the court.

■ A United States Court of Appeals consists of three circuit judges, and, in circuits having more than three judges, it consists of a "Division" of three judges. In exceptional circumstances it may consist of all the active members of the circuit sitting in banc. A "Division" court is no less a court than an "in banc" court.

■ In Western Pacific R. R. Corp. v. Western Pacific R. Co., 9 Cir., 1951, 197 F.2d 994, at page 1013, the members of this court had before it an application similar to the one we are now dealing with and in that case the Supreme Court has granted the writ of certiorari without specifying whether it will deal with the subject of in banc procedure. We reaffirm the view taken by us in the Western Pacific case, to-wit, that the assignment of causes for hearing of appeals pending in our court is at all times and in all circumstances, save only as to disqualification of a judge, the exclusive right and duty of the whole court and that it is not a privilege of litigants to request that their cases be heard by any selected court sitting in division or sitting in banc. Whether the case will be reheard after decision, and, if reheard, by which particular judges, are matters entirely for the court itself.

However, it is manifestly desirable that the final disposition of the instant cases should not be complicated because of any disposition the Supreme Court may make of the Western Pacific case, or delayed awaiting decision in that case, and for these reasons, and these reasons alone, we proceed to state the basis for our ruling on the document presented for filing with the clerk.

Section 46(c) of Title 28, U.S.C.A. provides:

"Cases and controversies shall be heard and determined by a court or division of not more than three judges, unless a hearing or rehearing before the court in banc is ordered by a majority of the circuit judges of the circuit who are in active service. A court in banc shall consist of all active circuit judges of the circuit."

All of the members of the Division to which these cases were assigned, and to which they remain assigned, are of the opinion that the cases do not differ from the regular business of the court in any respect which would justify treatment different from that accorded other cases and, therefore, all of the members are opposed to any reassignment of them or of any phase pertinent to them. Since Chief Judge Denman has disqualified himself in each of the cases, it is manifest that a majority of the circuit —or four members thereof—have not and will not grant any petition for rehearing in banc in regard to them.

■ A moment's thought dispels the notion that petition for rehearing in banc after decision in Division should necessitate the convening of the whole court for its consideration. If such a petition must be considered by the court in banc, most, if not every, lawyer on the losing side of a case before a Division would feel it his duty to ask the whole court to take it over. No judge, required to pass on the question, would do so without knowing the case through the records and the briefs, and even then, he would not have the benefit of open conference that our oral argument amounts to. We are of the opinion that the statutory power given the court to grant rehearings was never meant to provide an appeal

from Division to the Court In Banc, but was meant to provide power for the court itself to control its affairs. It seems reasonably certain that the provision of Section 46(c) (in banc hearings) is expressed in the negative for the purpose of affording the power we suggest and, at the same time, of avoiding undesirable results. The whole active membership of the court acts upon the original assignment, and, "unless" and "until" the assignment is changed, the assignment continues. No suggestion is made in the statute that litigants have any choice as to the individual judges who shall sit on their cases, or whether they shall be heard in Division or in banc.

We have considered the petition to file the document first hereinabove mentioned, and have considered the reasons therein as to why appellants think our order denying the petition for a rehearing should be vacated and a rehearing should be granted. Since we amended our opinion after the filing of the original petition for a rehearing, we now order that the document lodged with the clerk be filed as a petition to the "Division" and as a second petition for rehearing, and as such it is denied. The motion to vacate our order denying the original petition for a rehearing is denied.